Yousuf v. Lynch

BIA
Segal, IJ
A201 293 608

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand sixteen.

PRESENT:
> JOSÉ A. CABRANES,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

MOHAMMED YOUSUF,
> *Petitioner,*

v.                                          15-143
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Salim Sheikh, New York, New
                         York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal
                         Deputy Assistant Attorney
                         General; Douglas E. Ginsburg,
                         Assistant Director; Deitz P.
                         Lefort, Trial Attorney, Office
                         of Immigration Litigation,
                         United States Department of
                         Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammed Yousuf, a native and citizen of Bangladesh, seeks review of a December 16, 2014, decision of the BIA, affirming a February 6, 2013, decision of an Immigration Judge ("IJ") denying Yousuf's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammed Yousuf,* No. A201 293 608 (B.I.A. Dec. 16, 2014), *aff'g* No. A201 293 608 (Immig. Ct. N.Y. City Feb. 6, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum

2

applicant's "demeanor, candor, or responsiveness" and inconsistencies in his statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks and citations omitted). Substantial evidence supports the agency's determination that Yousuf was not credible.

First, the adverse credibility determination is supported by internal inconsistencies in Yousuf's testimony and inconsistencies between his testimony and the documentary record. The IJ was entitled to rely on Yousuf's internally inconsistent testimony regarding when the Awami League attempted to rape his wife (March or September 2011),

3

which was also inconsistent with his written application and the documentary evidence that he provided. Yousuf was repeatedly asked to clarify, but his responses added only further inconsistency. *See Majidi*, 430 F.3d at 80.

Further, the IJ reasonably relied on inconsistencies between Yousuf's testimony and his credible fear interview. Contrary to the Government's position, Yousuf sufficiently exhausted his challenge to the IJ's reliance on the interview. *See Gill v. INS,* 420 F.3d 82, 84 (2d Cir. 2005). Nonetheless, Yousuf's challenge has no merit. The agency assessed the reliability of the interview and reasonably relied on the interview, which "displays the hallmarks of reliability." *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). A Bengali interpreter was used, Yousuf was advised of his rights and elected to proceed without an attorney, the officer asked questions about Yousuf's past harm and future fear (which were memorialized in a typewritten document), and at no point during the interview did Yousuf seem to have difficulty answering the interviewer's questions, providing specific details of his alleged past harm in Bangladesh.

4

And the inconsistency between Yousuf's testimony and the interview are apparent in the record. Yousuf testified that the Awami League beat him on three occasions: July 2009, January 2010, and December 2010. However, during his interview Yousuf stated that he was beaten only twice: January 2010 and December 2010. Yousuf did not offer a compelling explanation for this inconsistency. *See Majidi*, 430 F.3d at 80.

The IJ's adverse credibility determination is further bolstered by Yousuf's lack of responsiveness during the hearing. 8 U.S.C. § 1158(b)(1)(B)(iii). When questioned about how many individuals were involved in the attacks, he repeatedly responded with information about dates of the attacks. He had to be asked two or three times before providing a responsive answer.

Given the inconsistency findings and lack of responsiveness, the agency reasonably found Yousuf not credible. *See Xiu Xia Lin*, 534 F.3d at 165-66; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that an "inconsistency afforded substantial evidence to support the adverse credibility finding" where

5

it related to "an example of the very persecution from which [the applicant] sought asylum" (internal quotation marks omitted)). That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

We decline to reach Yousuf's conclusory argument that the agency ignored material evidence. He did not raise this argument on appeal to the BIA, so it is unexhausted and not subject to judicial review. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (providing that judicially imposed issue exhaustion is mandatory).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6